ANDREW MAST (CSBN 284070)
GABRIEL MARTINEZ (CSBN 275142)
MICHAEL RABKIN (ILRN 6293597)
ALBERT SAMBAT (CSBN 236472)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Gabriel.Martinez2@usdoj.gov
Telephone: (415) 934-5300

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA | CASE NO. CR 12-00301 CRB |
|---|---|
| v. | **UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. §5K1.1** |
| LYDIA FONG, | |
| Defendant. | |

The United States respectfully requests that this Court sentence defendant LYDIA FONG to (1) serve eight months of custody, (2) serve three years of supervised release, and (3) pay a criminal fine of $3,000, a $100 special assessment, and $12,000 in restitution. This sentencing recommendation is based on the government's motion for a downward departure of 30 percent from the low end of the Guidelines range for substantial assistance and is consistent with the parties' plea agreement.

//

# BACKGROUND

Defendant Lydia Fong is charged with participating in the conspiracy in San Francisco County from October 2009 through November 2010. Dkt. 1. Fong obtained her real estate license and has worked in the real estate business since 1994. Presentence Report ("PSR") ¶ 15.

In 2005, Florence Fung called Fong to prepare the paperwork for the sale of a property. PSR ¶ 16. Fong learned about trustee sales from Fung and became interested in them. *Id.* Fung also explained that she paid others and received payments for not bidding at the auctions. *Id.* Fong began attending trustee sales in late 2008 with co-conspirator Kuo Chang and formed a joint entity named LKCH, LLC to purchase auctioned properties. *Id.* Fong explained her knowledge of payoff agreements to Chang. *Id.*

Fong and Chang purchased four properties before being approached about bid rigging. PSR ¶ 17. During one auction, Fung outbid Fong and later told Fong that co-conspirators Giraudo, Rezaian, Rosenbledt, and Grinsell had told Fung to outbid Fong to discourage Fong from attending future auctions. *Id.* On October 21, 2009, Fong attended an auction for 25 Lisbon Street, San Francisco. *Id.* During the auction, either Grinsell or Rezaian approached Chang and Fong, explaining that they would stop bidding if Chang and Fong agreed to pay them a few thousand dollars. *Id.* Fong and Chang agreed, and Chang won the property on behalf of LKCH, LLC. *Id.*

Fong also accepted payoff money to stop bidding. PSR ¶ 18. For example, Fong and Chang attended an auction for 442 Holloway Avenue, San Francisco, on January 12, 2010. *Id.* During the auction, Rezaian offered to pay Chang and Fong a total of $8,000 to stop bidding. Chang and Fong agreed to accept the payoff. *Id.*

On April 26, 2012, Fong was charged by information with bid rigging and mail fraud in San Francisco County. Dkt. 1. On June 20, 2012, Fong pleaded guilty and began cooperating with the government's investigation. Dkt. 6. On December 8, 2017, Fong withdrew from her plea agreement by stipulation and entered a new bid-rigging-only plea agreement. Dkt. 48.

//

//

Fong's plea agreement reflects her participation in rigging ten properties in San Francisco County, and a volume of commerce of $1,785,211. PSR ¶ 18. The volume of commerce does not reflect the bid-rigging agreements that Fong made in which she received payoff money. Fong received $12,000 in payoff money for agreeing not to bid on four properties. *Id.*

## ARGUMENT

### A. Sentencing Guidelines Calculations

#### 1. Criminal History

In Paragraph 12 of the plea agreement, the parties agree that Fong's Criminal History Category is determined by the Court. The Presentence Report (PSR) calculates Fong's Criminal History Category as I, based on no criminal history. PSR ¶¶ 34-38.

#### 2. Offense Level

The PSR calculates the total offense level as 13, consistent with the plea agreement. PSR ¶ 33. This calculation includes a one-level increase to the base offense level of 12 for conduct involving the submission of non-competitive bids, a two-level increase for a volume of commerce exceeding $1 million, and a downward reduction of two levels for acceptance of responsibility. PSR ¶¶ 24-33. U.S. Sentencing Guidelines Manual ("U.S.S.G.") §§2R1.1(b)(1), 2R1.1(b)(2)(A), and 3E1.1(a) (U.S. Sentencing Comm'n 2016).

Under the Sentencing Guidelines, an offense level of 13 and Criminal History Category of I results in a sentence ranging from 12 to 18 months of imprisonment.

#### 3. Fine and Restitution

The PSR calculates a fine range of $20,000 to $89,260, consistent with the plea agreement. PSR ¶ 67; U.S.S.G. §2R1.1(c)(1) (fine range shall be from one to five percent of the volume of commerce, but not less than $20,000). In the plea agreement, the government agreed to recommend a fine between $3,000 and $30,000. Dkt. 48. The government recommends a $3,000 fine in conjunction with its custodial recommendation. This fine range was initially agreed to by the parties in the original plea agreement, based on the application of the fraud Guidelines, and was carried over to the revised plea agreement.

//

The government recommends restitution in the amount of $12,000, consistent with the plea agreement. Dkt. 48.

**B.     Basis for Downward Departure for Substantial Assistance**

Pursuant to Section 5K1.1 of the Guidelines, the government moves for a downward departure for substantial assistance to the investigation. The government recommends a 35 percent reduction from the low end of the Guidelines range of 12 months, resulting in a sentence of 8 months.

The timing, significance, nature and extent of Fong's cooperation warrant a 35 percent reduction. Fong entered her plea agreement pre-indictment on June 20, 2012, and immediately began cooperating in the investigation. Her early plea may have influenced the decisions of defendants who pleaded after her to also plead guilty and accept responsibility.

Additionally, Fong provided a candid interview with the FBI. During her interview, Fong provided corroborating information regarding the operation of the conspiracy, the conduct of other conspirators, and various bid-rigging agreements. Fong also made herself readily available to the prosecution team in the event she would be needed for further information or potential testimony.

For these reasons, a 35 percent downward departure for substantial assistance to the investigation and prosecution of these cases is appropriate.

**C.     Sentencing Recommendation**

The government's recommendation of eight months is reasonable and not greater than necessary in light of the factors articulated in 18 U.S.C. § 3553. The Court's sentence must reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence to future bid-rigging offenses and white-collar crime generally.

Given the magnitude of the financial harm caused by Fong's conduct, the government's recommendation, which includes a custodial term, is appropriate and consistent with the commentary in the applicable Guidelines. The commentary makes clear that "prison terms for [Antitrust] offenders should be . . . common" and "alternatives such as community confinement [should] not be used to avoid imprisonment of antitrust offenders." U.S.S.G. §2R1.1, cmt. n. 5

& Background.  Given Fong's substantial assets, a fine alone—in the absence of a custodial term—would not serve as an adequate deterrent.  The foreclosure auctions were vulnerable to bid rigging, especially in the aftermath of the foreclosure crisis, when the auctions were flooded with investment opportunities.  Fong did not originate the conspiracy, but she joined in willingly and was involved in rigging ten properties.  PSR ¶18.

The government's recommended sentence also adequately considers the history and characteristics of defendant, including her early decision to accept responsibility, her willingness to pay restitution and cooperate in the investigation, and her lack of prior criminal history.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the government's motion for a downward departure of 35 percent from the low end of the Guidelines range for substantial assistance and sentence defendant Lydia Fong to (1) serve eight months of custody, (2) serve three years of supervised release, and (3) pay a criminal fine of $3,000, a $100 special assessment, and $12,000 in restitution.

Dated:  April 19, 2018                                    Respectfully submitted,

/s/_____
GABRIEL MARTINEZ
Trial Attorney
United States Department of Justice
Antitrust Division